Dowo v. Holder

BIA
Ferris, IJ
A098 480 466

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MACAIRE KONAN DOWO,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-2607-ag
NAC

_____

FOR PETITIONER: Ronald S. Salomon, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director; Kristin K. Edison, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Macaire Konan Dowo, a native and citizen of the Ivory Coast, seeks review of a May 19, 2009, order of the BIA affirming the July 23, 2007, decision of Immigration Judge Noel Anne Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Macaire Konan Dowo*, No. A098 480 466 (B.I.A. May 19, 2009), *aff'g* No. A098 480 466 (Immig. Ct. N.Y. City July 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Lu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Substantial evidence supports the agency's determination that Dowo failed to meet his burden of proof. The IJ did not make an adverse credibility determination. Nevertheless, she reasonably found that Dowo's testimony alone was insufficient to support his claim. *See Diallo v. INS*, 232 F.3d 279, 285-86, 290 (2d Cir. 2000); *Chuilu Lu*, 575 F.3d at 196-99. Indeed, although Dowo based his claim on his purported membership in the political party PDCI,[1] the IJ noted that he failed to provide witnesses or other evidence corroborating his membership in that party. In finding that Dowo failed to meet his burden, the IJ reasonably relied on the absence of such evidence, particularly because she gave him ample opportunity to present it. *See Chuilu Lu*, 575 F.3d at 198.

With respect to the evidence Dowo did submit, the IJ did not err in declining to afford it probative weight. *See Diallo*, 232 F.3d at 285-86, 290. The IJ identified several

---

[1] Dowo waives any claim based on his ethnicity.

discrepancies between Dowo's testimony and his medical records.  Moreover, Dowo admitted to altering one of his PDCI membership cards and the other card contained conflicting dates and lacked detailed information.  No reasonable fact finder would credit Dowo's explanations for these deficiencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Dowo failed to establish his eligibility for asylum, and his withholding of removal claim was based on the same factual predicate, his withholding of removal claim necessarily fails.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Contrary to Dowo's assertions, the IJ conducted a separate inquiry regarding his eligibility for CAT relief, and nothing compels us to disturb the IJ's determination that he was not eligible.  *See Khouzam v. Ashcroft*, 361 F.3d 161, 169 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3