10-404-ag
Haidar v. Holder

BIA
Owens, IJ
A098 907 325

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand eleven.

PRESENT:
          JOHN M. WALKER, JR.,
          ROBERT D. SACK,
          GERARD E. LYNCH,
               *Circuit Judges.*

_____

KATIA HAIDAR,
          *Petitioner,*

          v.                              10-404-ag

                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:        Hamza Ma'ayergi, Stamford,
                       Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Ada E.
                       Bosque, Senior Litigation Counsel;
                       Yamileth G. Handuber, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Katia Haidar, a native and citizen of the Ivory Coast, seeks review of a December 31, 2009, order of the BIA affirming the August 23, 2008, decision of Immigration Judge ("IJ") Robert P. Owens, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Katia Haidar*, No. A098 907 325 (B.I.A. Dec. 31, 2009), *aff'g* No. A098 907 325 (Immig. Ct. Hartford Aug. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Because Haidar does not challenge the agency's denial of withholding of removal or CAT relief, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Thus, the only issue before us is whether the agency erred in determining that Haidar failed to establish her eligibility for asylum.

Substantial evidence supports the agency's determination that Haidar failed to meet her burden of proof. We have held that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). The IJ reasonably found that Haidar's testimony alone, even if credible, was insufficient to support her claim because her testimony was not sufficiently persuasive or detailed. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-99. The IJ did not err in relying on Haidar's failure to corroborate her claim with testimony or an affidavit from her husband because such evidence was reasonably available. *See Chuilu Liu*, 575 F.3d at 197-98. Moreover, although Haidar claimed that her husband could not

3

attend her hearing due to a doctor's appointment, the IJ reasonably rejected such explanation because Haidar failed to establish that her husband's absence resulted from an emergency or that she was unable to submit an affidavit from him. *See id.*

We note also that, even after the IJ asked petitioner about her husband's absence from the hearing, petitioner neither requested a continuance nor presented any additional evidence when given an opportunity to do so. While petitioner's counsel later referenced the IJ's refusal to grant a thirty-minute recess prior to closing arguments, the record does not reflect that counsel made a such a request or any other request for a continuance. Moreover, even if the petitioner had made such a request, the IJ was not required to grant Haidar a continuance to present her husband's testimony, especially when she could not explain why she was unable to present an affidavit. *See id.* at 198 n.6 ("It is not at all clear that we could require an IJ to delay or adjourn proceedings to allow submission of corroborating material that could have been collected in advance of the hearing . . . ."). Thus, the IJ's decision is supported by substantial evidence.

4

The IJ also reasonably relied on the absence of evidence of country conditions to corroborate Haidar's individualized claim of past persecution or a well-founded fear of future persecution. *See Diallo*, 232 F.3d at 288 (stating that corroboration "typically includes both evidence of general country conditions and evidence that substantiates the applicant's particular claims"). With respect to the country conditions evidence Haidar did submit, the IJ did not err in finding that such evidence did little to corroborate her specific claims of past persecution or a well-founded fear of future persecution because the articles merely detailed general conditions of unrest in the Ivory Coast. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that "general crime conditions are not a stated ground" for a well-founded fear of future persecution). Accordingly, we find no error in the IJ's determination that Haidar failed to meet her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-99.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk