09-3055-ag
Barry v. Holder

BIA
Nelson, IJ
A093 397 279

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

PRESENT:
> DENNIS Jacobs,
> > *Chief Judge*
> PETER W. Hall,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

SADOU BARRY,
> *Petitioner,*

v.                                          09-3055-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:      Theodore Vialet, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Janice K. Redfern, Senior Litigation
                     Counsel; Gerald M. Alexander, Attorney,
                     Office of Immigration Litigation, Civil
                     Division, United States Department of
                     Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sadou Barry, a native and citizen of Guinea, seeks review of a June 17, 2009, order of the BIA affirming the November 29, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Barry's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sadou Barry*, No. A093 397 279 (B.I.A. June 17, 2009), *aff'g* No. A093 397 279 (Immig. Ct. N.Y. City Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ primarily found that Barry was not credible because the medical certificate he supplied was inconsistent with his testimony. The record supports this conclusion:

while Barry testified that he had difficulty breathing, a back injury, and was confused, the certificate indicated that his breathing was normal, did not discuss a back injury, and described him as lucid.  The IJ identified an inconsistency between the certificate, which states that Barry had a "bruise sub-connective at the left eye and multiple lesions" and Barry's testimony that he was beaten on the face but did not have an eye injury. It is unclear whether the bruise and lesions constituted an eye injury. Nevertheless, the IJ's adverse credibility finding, premised on inconsistencies between the medical certificate and Barry's testimony, is supported by the substantial evidence.

The agency further found that, even if his testimony was credible, he failed to sustain his burden of proof, having provided no corroborating testimony from his cousin or uncle, who are in the United States, or the Brooklyn-based Federal Secretary of the UPR.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009) (an IJ may properly deny an applicant's claim for failure to provide reasonably available corroborating evidence); *see also id.* at 198 n.5 ("An [alien's] failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to

3

rehabilitate testimony that has already been called into question." (quotation omitted)).  Barry does not challenge this independent reason for denying his applications for relief.

Accordingly, the agency's finding that his testimony was not credible and he did not meet his burden of proof because he provided insufficient corroboration supports the denial of relief.  *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4