Drejaj v. Holder

BIA
LaForest, IJ
A095 837 777

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

PRANVERE DREJAJ,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-3335-ag
NAC

_____

FOR PETITIONER:    Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:    Tony West, Assistant Attorney General;
Linda S. Wernery, Assistant Director;
Theodore C. Hirt, Trial Attorney, Office
of Immigration Litigation, Civil
Division, United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pranvere Drejaj, a native and citizen of Albania, seeks review of a July 18, 2011 order of the BIA affirming the July 24, 2008 and April 14, 2003 decisions of Immigration Judge ("IJ") Brigitte LaForest denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pranvere Drejaj*, No. A095 837 777 (B.I.A. July 18, 2011) *aff'g* No. A095 837 777 (Immig. Ct. N.Y. City July 24, 2008) *modifying* No. A095 837 777 (Immig. Ct. N.Y. City Apr. 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's modified decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Drejaj filed her asylum application in August 2002, this case is not governed by the REAL ID Act. We thus review the agency's credibility determination to see if it was based on

2

"specific, cogent" reasons bearing a "legitimate nexus" to the finding. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted).

In this case, the IJ reasonably found that Drejaj's testimony about her July 2001 detention was inconsistent with her written statement because when asked by her attorney about her detention she did not mention her sexual assault or threats made against her. Contrary to Drejaj's argument, the IJ did not err in relying on these omissions because they were not minor details, but core facts about her detention which went "to the heart" of her asylum claim. *Id.* at 309. Moreover, the IJ gave Drejaj an opportunity to explain why her testimony about her detention differed from her written statement, and was not required to accept her explanation that she was confused about what her attorney was asking. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).[1]

Drejaj's testimony describing her October 2000 interrogation, in which she stated that she was asked

---

[1] Drejaj for the first time argues that she did not testify about the sexual assault because her attorney was a man and she had experienced sexual trauma. However, she did not raise this explanation in front of the agency and her attorney's unsworn statements do not constitute evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984).

questions about the Democratic Party but did not identify specific questions, also undermined her credibility. The IJ reasonably concluded that it was implausible that the authorities who allegedly interrogated Drejaj would not have asked her any questions more specific than "what the Democratic Party planned for the future." Certified Administrative Record ("C.A.R.") 175. Thus, the IJ did not err in finding that her sparse testimony about the interrogation suggested that it was fabricated. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151-52 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc) (providing that, after probing for specific details, an IJ may "fairly wonder whether [] testimony is fabricated" when an applicant "gives very spare testimony," lacking in details).

Moreover, the IJ also reasonably concluded that Drejaj's limited explanations about the Democratic Party's plans -- asserting that it supports "rights" without any details, *see* C.A.R. 176 -- and inability to identify the party's 2001 candidate undermined her credibility because she lacked knowledge one would reasonably expect of a political activist who worked for the party in the 2001 election. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90-91 (2d

4

Cir. 2006) (cautioning that the agency may only rely on an asylum applicant's ignorance of a religion to find that his testimony is not credible where his other testimony "would render his lack of a certain degree of doctrinal knowledge suspect").

Having questioned Drejaj's credibility in light of the above findings, the IJ did not err in concluding that her credibility was further undermined by her failure to provide corroborating evidence from her brother or mother. *See Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009). Contrary to Drejaj's argument, because the IJ made her corroboration finding in the context of an adverse credibility determination, the IJ was not required to first identify the particular pieces of missing relevant evidence, before finding that Drejaj failed to provide corroboration. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Because there was no evidence to the contrary, we defer to the IJ's conclusion that Drejaj's mother and brother -- who both lived in New York City -- were reasonably available to testify at her New York City hearing. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the

court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

In sum, the agency's adverse credibility determination was supported by substantial evidence because the IJ identified "specific, cogent" reasons for doubting Drejaj's credibility. *See Secaida-Rosales*, 331 F.3d at 307 (internal quotation marks omitted). Accordingly, the agency did not err in denying relief because Drejaj's claims for asylum, withholding of removal, and CAT relief arose from the same factual background, her claim that she was persecuted as a political activist. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6