11-3030-ag
Suryadi v. Holder

BIA
Chew, IJ
A088 240 149

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DENNY CHIN,
> > Circuit Judges.

_____

MEGA YUSUF SURYADI,
> *Petitioner*,

> v.                                11-3030
>                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        David Haghighi, Los Angeles, CA.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Lauren E. Fascett, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mega Yusuf Suryadi, a native and citizen of Indonesia, seeks review of a June 27, 2011, order of the BIA affirming the May 13, 2009, decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mega Yusuf Suryadi*, No. A088 240 149 (B.I.A. June 27, 2011), *aff'g* No. A088 240 149 (Immig. Ct. N.Y. City May 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Suryadi does not challenge the agency's pretermission of his asylum application as untimely or its denial of CAT relief. Accordingly we address only the denial of withholding of removal.

2

Suryadi argues that the agency erred in finding him not credible based on his failure to provide corroborating evidence. This argument is misplaced. As the BIA explained, the agency did not make an adverse credibility decision in this case, but concluded that Suryadi's testimony alone was insufficient to meet his burden of proof as he did not provide reasonably available corroboration that he was an Ahmadiyya Muslim either from mosques he attended in Indonesia and the United States or from his mother who was in the United States. *See Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009) (noting that "an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained"). Suryadi does not meaningfully challenge that corroboration finding, and we detect no error in it.

The agency's finding that Suryadi did not prove that he was an Ahmadiyya Muslim is dispositive of his claim for withholding of removal because he did not demonstrate that he faces persecution on account of his religion. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)

3

(explaining that an applicant for withholding of removal must establish that he faces persecution on account of a protected grounds, such as his religion). Accordingly, we do not address Suryadi's argument that his testimony established past persecution or a well-founded fear of future persecution.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4