13-2542
Alvarez-Elvira v. Holder

BIA
Poczter, IJ
A073 037 487

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

RAYNA ALVAREZ-ELVIRA,
*Petitioner,*

v.                                        13-2542
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:       Jennifer Oltarsh, Oltarsh & Associates, P.C., New York, New York

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rayna Alvarez-Elvira, a native and citizen of Guatemala, seeks review of a June 5, 2013 decision of the BIA affirming the April 2, 2012 decision of Immigration Judge ("IJ") Aviva L. Poczter, which denied Alvarez-Elvira's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Rayna Alvarez-Elvira, No. A073 037 487 (B.I.A. Jun. 5, 2013), aff'g No. A073 037 487 (Immig. Ct. N.Y.C Apr. 2, 2012). Alvarez-Elvira sought such relief based on political persecution in the form of a threat, in 1991, by individuals she believed were associated with assailants who had killed her boss, the mayor of Escuintla, Guatemala, that year. She also claimed a fear of future persecution by those same assailants if she returns to Guatemala. Under the circumstances of this case, we review both the IJ's and the BIA's decisions, see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009), applying well established standards of review, see 8 U.S.C. § 1252(b)(4)(B). In doing so, we assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Alvarez-Elvira raises no arguments pertaining to past persecution or CAT relief. Consequently, she has waived these claims. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Thus, the only remaining issue is whether Alvarez-Elvira established a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 C.F.R. § 1208.13(b)(2)(A). Alvarez-Elvira "must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i). Proving a "well-founded fear" requires that "the applicant establish both a subjective and an objective element. 'The former is established via the applicant's credible testimony that his fear is genuine; while the latter is largely dependent upon the context and believability he can establish for his claims through presentation of reliable, specific, objective supporting evidence.'" Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004) (quoting Cordero-Trejo v. INS, 40 F.3d 482, 491 (1st Cir. 1994)).

Here, the agency reasonably determined that Alvarez-Elvira did not produce evidence showing a nexus between the

3

threat she received in 1991 and her political or imputed political opinion. Alvarez-Elvira's testimony about the threat she received, who made the threat, and what motivated the threat (other than a desire for information on how the assassinated mayor ran his office) was vague and undetailed. A single threat from unidentified individuals, for unknown reasons, is insufficient to establish an objective fear of future persecution on the protected ground of political belief. See Ramsameachire v. Ashcroft, 357 F.3d at 178; Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir. 2006) (holding that, to constitute persecution, harm must be more than harassment).

Moreover, Alvarez-Elvira testified that she did not know why anyone would have a continued interest in her or whether the political forces now controlling the Guatemalan government were the same as those in control in 1991. The objective reasonableness of her fear of future persecution is further undermined by the length of time that has elapsed since the 1991 threat, her ability to return to Guatemala on five occasions without incident, and her daughter's ability to live in Escuintla since 1991 without threats or harassment. See Kone v. Holder, 596 F.3d 141, 148 (2d Cir. 2010) (adopting Ninth Circuit's holding that "'return trips can be considered

4

as one factor, among others, to rebut th[e] presumption [of future persecution]'" (quoting *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005)); Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir. 1999) (holding that ability of applicant's family to remain unharmed "cuts against" finding of well-founded fear).

The record also supports the agency's finding that there was a lack of corroboration from Alvarez-Elvira's siblings explaining why she was "being sought by anyone in Guatemala for any particular reason." Certified Administrative Record ("CAR") 83-84. We afford "substantial deference [to] an IJ's determination that corroborating evidence was reasonably available to the applicant." Chuilu Liu v. Holder, 575 F.3d 193, 197-98 (2d Cir. 2009). Here, the record only supports such deference given that Alvarez-Elvira testified that she communicated with her family in Guatemala and had visited her family in 1991, 1995, 1997, 2000, and 2004.

In any event, Alvarez-Elvira does not contest or explain the lack of corroboration from her family. Instead, she relies on three statements from friends or acquaintances providing only general information about Alvarez-Elvira's employment in 1991, the 1991 threat, and the continued search for Alvarez-Elvira by unidentified men. The agency was not

5

obliged to locate an objectively reasonable fear of future persecution in statements lacking detail regarding who is searching for Alvarez-Elvira or why they have any interest in her over twenty years after the 1991 assassination.

Finally, although Alvarez-Elvira did not testify that she feared returning to Guatemala because of ongoing violence and social strife, her attorney raises the claim.  The point fails because "persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."  Melgar de Torres v. Reno, 191 F.3d at 314.

Because Alvarez-Elvira has failed to establish her eligibility for asylum, it follows that she cannot satisfy the higher standard for withholding of removal.  See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6