Hu v. Lynch

BIA
Nelson, IJ
A200 748 063

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
>    ROBERT A. KATZMANN,
>        *Chief Judge,*
>    PIERRE N. LEVAL,
>    ROBERT D. SACK,
>        *Circuit Judges.*

_____

YANGUANG HU,
>    *Petitioner,*

>    v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

14-4639

NAC

_____

**FOR PETITIONER:** Cora J. Chang, New York, New York.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanguang Hu, a native and citizen of the People's Republic of China, seeks review of a November 26, 2014, decision of the BIA, affirming a June 18, 2013, decision of an Immigration Judge ("IJ") denying Hu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanguang Hu,* No. A200 748 063 (B.I.A. Nov. 26, 2014), *aff'g* No. A200 748 063 (Immig. Ct. N.Y. City June 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the bases for denying relief that the BIA did not explicitly consider (the IJ's findings regarding the timeliness of Hu's asylum application and the credibility of his testimony). *See Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009). Contrary to the Government's contention, we have jurisdiction to review

2

the agency's denial of asylum and CAT relief because Hu exhausted his challenge to the agency's lack of corroboration finding, which was the only basis for denying asylum and CAT relief that the BIA affirmed.  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu*, 575 F.3d at 196.

An applicant bears the burden of establishing eligibility for asylum and related relief.  8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.16(b), (c)(2).  "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."  *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).  Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise in the record (1) identify the specific evidence missing, and explain why it was reasonably available, (2) provide an opportunity to explain the omission, and (3) assess any explanation given.  *Chuilu Liu*, 575 F.3d at 198.

In this case, it was reasonable for the agency to require evidence corroborating Hu's claims that he was detained and

3

beaten in China for participating in underground Christian church activities, and that he continues to practice his religion in the United States, particularly given that Hu made inconsistent statements regarding the number of times he was beaten and when he began attending church in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *see also Chuilu Liu*, 575 F.3d at 196-97. Moreover, the agency reasonably noted that Hu had not submitted any evidence, such as a letter from his parents, younger brother, or fellow practitioners, to corroborate his claim that he was detained and beaten in China. *See Chuilu Liu*, 575 F.3d at 198 (providing that "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Hu admitted that he could have contacted his family to obtain such evidence. And, the IJ reasonably rejected Hu's explanation that he did not contact his fellow practitioners for fear of implicating them in light

4

of his testimony that at least ten of his fellow practitioners were arrested with him and thus already implicated.

As to his fear of future persecution on account of his continued religious practice, the agency reasonably accorded limited weight to an October 2010 form letter issued by the Church of Grace to Fujianese in New York, stating that Hu had attended services regularly since January of that same year. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006). Hu initially testified inconsistently with the letter regarding when he began attending the church, he did not proffer any witnesses from the church to corroborate his attendance, and he failed to provide any evidence that he had attended church in the United States between the date the letter was issued in October 2010 and his June 2013 hearing.

Accordingly, the agency did not err in finding that Hu failed to satisfy his burden of demonstrating past persecution or a well-founded fear of future persecution on account of his religion. *See Chuilu Liu*, 575 F.3d at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1), (c)(3); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk