**07-0204-ag**
**Liu v. Holder**

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: November 28, 2007          Decided: August 5, 2009)

Docket No. 07-0204-ag

- - - - - - - - - - - - - - - - - - - -x

CHUILU LIU,

        <u>Petitioner</u>,

     - v.-

ERIC H. HOLDER JR.,
United States Attorney General,[*]

        <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -x

     Before:      JACOBS, <u>Chief Judge</u>, PARKER and WESLEY,
                   <u>Circuit Judges</u>.

     Petition for review of a final order of the Board of

Immigration Appeals affirming the decision of Immigration

Judge William Jankun denying Liu's application for

withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)

for, <u>inter alia</u>, failure to provide adequate corroboration.

The petition for review is denied.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted as respondent in this case.

JIM LI, New York, NY, FOR PETITIONER.

KEITH MCMANUS, Trial Attorney (Peter D. Keisler, Assistant Attorney General, on the brief, Lisa Arnold and Shabana Stationwala, of counsel), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., FOR RESPONDENT.

DENNIS JACOBS, Chief Judge:

Petitioner Chuilu Liu, a native and citizen of the People's Republic of China, seeks review of a December 29, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the May 19, 2005 decision of Immigration Judge ("IJ") William F. Jankun, which pretermitted Liu's application for asylum as untimely and denied his applications for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT"). In re Liu, No. A98 415 374 (B.I.A. Dec. 29, 2006), aff'g No. A98 415 374 (Immig. Ct. N.Y. City May 19, 2005). The IJ made an adverse credibility finding that was neither affirmed nor expressly rejected by the BIA. The BIA affirmed on the IJ's alternative ground that Liu failed to satisfy his burden of proof for lack of certain documentary evidence corroborating Liu's testimony concerning his risk

2

of future persecution.  Because substantial evidence supports the IJ's finding that Liu failed to satisfy his burden of establishing a clear probability of future persecution in China, and the IJ properly relied on Liu's failure to corroborate his testimony in so finding, Liu's petition must be denied.

**BACKGROUND**

At his May 2005 hearing before the IJ, Liu testified to the following effect:  From 1989 until 1991, he was detained by the Chinese government for his support of the June Fourth Movement; after his release, his work for an environmental protection company required him to travel frequently to Macau and Hong Kong; on one of those trips (in June 2001), he joined the Hong Kong youth movement, a pro-democracy group, later becoming its acting secretary; he traveled to the United States on business (in January 2003), using a passport that the Chinese government issued to him in 2002; he was prevented from leaving the United States as scheduled (in January 2003) by a car accident in California; soon thereafter, his wife in China told him by phone that security officials had come looking for him, and had

3

ransacked their home on a return visit.

At the close of the hearing, the IJ dictated his findings and conclusions. The IJ made an adverse credibility finding, and went on to decide that even if Liu's testimony were credible, "there is a need for supporting documentation to support [his] claims about what he allegedly did in [China] and Hong Kong and in the United States." Specifically, the IJ cited Liu's failure to submit letters from his wife about the alleged visits from the security officials; from fellow members about the pro-democracy movement in Hong Kong; and from police and hospital officials in California about the car accident that allegedly prevented him from returning to China in January 2003. The IJ did not remark on these omissions during the hearing, nor did he ask Liu to explain them.

Liu did not move to reopen the proceedings in order to submit those documents. On appeal to the BIA, Liu did not explain why the documents were unavailable to him.

Without affirming or rejecting the IJ's adverse credibility determination, the BIA affirmed the IJ's "conclusion that even assuming credibility, [Liu] has failed to meet his burden of establishing that it is more likely

4

than not that he will be persecuted on account of a protected ground" if he is returned to China. The BIA specifically found it "reasonable" for the IJ to cite a lack of "reliable evidence," other than Liu's own hearsay testimony, "in the form of an affidavit or letter from his wife with whom [Liu] has maintained contact, to corroborate [his] account regarding what had occurred in [China] in his absence," as well as "any letters from the democratic association in Hong Kong for which he claimed to have served as the acting secretary of one of its divisions." The BIA concluded that the IJ reasonably relied on Liu's lack of corroboration because there was "no indication on the record that such evidence was unavailable, and [Liu] has not provided any explanation on appeal for his failure to present such corroborating evidence."

## DISCUSSION

Liu's withholding of removal claim is the one claim at issue on appeal. Liu does not challenge the pretermittance of his asylum application as untimely. As to Liu's application for CAT relief (denied on the ground that Liu failed to show that it was more likely than not he would be

5

tortured if removed to China), Liu's brief on appeal makes no reference to his CAT application (or to torture generally), so that argument is deemed forfeited.  Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (stating that where petitioner "devotes only a single conclusory sentence to the argument" in support of a claim for relief, "we . . . deem his petition for review of the IJ's finding as to [that] claim abandoned and do not consider it").

When, as here, the BIA affirms the IJ's decision in all respects but one, the Court reviews the IJ's decision "as modified by the BIA's decision--that is, minus the single argument for denying relief that was rejected by the BIA." Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005).  We review the BIA's factual findings under the substantial evidence standard, including those "underlying the immigration court's determination that an alien has failed to satisfy his burden of proof," Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir. 2003) (per curiam), treating the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

The BIA's conclusion--that Liu failed to establish that it is "more likely than not" that he would be persecuted on account of his involvement in the June Fourth Movement--is supported by substantial evidence.  Liu testified that after he was released from detention in 1991, he left and returned to China numerous times, and that the Chinese government issued a passport to him in 2002 because he had been out of detention "for many, many years."  Thus any presumption of future persecution that might be based on Liu's detention in connection with the June Fourth Movement would be rebutted by a fundamental change in circumstances.  See 8 C.F.R. § 208.16(b)(1)(i)(A) (presumption of a future risk of persecution may be rebutted by showing a fundamental change in circumstance).

Liu's claim for withholding of removal therefore rests solely on his testimony that government authorities visited his home in China (and later ransacked it) by reason of his pro-democracy activities.  It follows that the only question on appeal is whether it was error for the IJ to deny Liu's claim on the ground that Liu failed to meet his burden of establishing eligibility for withholding of removal because of his failure to bolster his inconsistent testimony with

7

corroborating evidence regarding the risk of persecution on his return to China.

A precedential opinion of the BIA describes an applicant's need to proffer corroborating evidence:

> [W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided. That is, an asylum applicant should provide documentary support for material facts which are central to his or her claim and easily subject to verification, such as evidence of his or her place of birth, media accounts of large demonstrations, evidence of a publicly held office, or documentation of medical treatment. If the applicant does not provide such information, an explanation should be given as to why such information was not presented.

In re S-M-J-, 21 I. & N. Dec. 722, 725 (B.I.A. 1997). This standard recognizes that credible testimony alone may be enough to carry the alien's burden of proof, 8 C.F.R. § 208.13(a), but "empowers the [IJ] to require that credible testimony of the [alien] be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing." Oyekunle v. Gonzales, 498 F.3d 715, 717 (7th Cir. 2007); see also Diallo v. INS, 232 F.3d 279, 285 (2d Cir. 2000) ("While consistent, detailed, and credible testimony may be

sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."). We have approved this standard as "consistent with INS regulations, international legal standards, and our precedent and therefore . . . entitled to deference." Diallo, 232 F.3d at 286.

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 303 (2005), altered this landscape somewhat. In a provision that does not apply to Liu because of the effective date of the Act,[2] the REAL ID Act emphasizes the importance of corroborating evidence:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where

---

[2] The REAL ID Act's credibility standard applies to applications filed on or after May 11, 2005; Liu's application was filed on July 15, 2004. See REAL ID § 101(h)(2), Pub. L. No. 109-13, 119 Stat. 231, 305 (2005). For this reason, the BIA properly reviewed the IJ's determination that Liu needed additional corroboration under the pre-REAL ID standard.

9

> the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

See REAL ID § 101(a)(3)(B)(ii) (codified at 8 U.S.C. § 1158(b)(1)(B)(ii)).[3] The REAL ID Act thus codifies the rule that an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained. Since the quoted passage does not govern this appeal, this opinion does not construe it.[4] It is to be expected that the BIA will undertake in the first instance to say how this passage bears upon the evidentiary and procedural rules that govern in the wake of the REAL ID Act.

---

[3] This provision of the REAL ID Act applies to petitions for both asylum and withholding of removal. See 8 U.S.C. § 1231(b)(3)(C) ("In determining whether an alien has demonstrated that the alien's life or freedom would be threatened for a reason described in subparagraph (A), the trier of fact shall determine whether the alien has sustained the alien's burden of proof, and shall make credibility determinations, in the manner described in clauses (ii) and (iii) of section 1158(b)(1)(B) of this title.").

[4] Judge Parker believes this provision contains a notice requirement applicable to cases that post-date the REAL ID Act of 2005.

10

Significantly, another provision of the REAL ID Act, which <u>does</u> apply in this case,[5] narrows this Court's review of an IJ's determination that additional corroboration was available:

> No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.

REAL ID Act § 101(e) (codified at 8 U.S.C. § 1252(b)(4)). In other words, we review with substantial deference an IJ's determination that corroborating evidence was reasonably available to the applicant. <u>See, e.g.</u>, <u>Kyaw Zwar Tun v. INS</u>, 445 F.3d 554, 568 (2d Cir. 2006) ("[T]he IJ identified the missing information; since the record makes clear that the information was reasonably available to [petitioner] and that [petitioner] failed to provide convincing evidence that the information was unavailable, this sufficed to support the IJ's finding.").

A number of cases in this Circuit, applying a version

---

[5] The REAL ID Act impacts our review of "all cases in which the final administrative removal order is or was issued before, on, or after" May 11, 2005. REAL ID Act § 101(h)(3), Pub. L. No. 109-13, 119 Stat. 231, 305-306 (2005).

of the statute that predated the REAL ID Act of 2005, have discussed the analysis an IJ must perform when relying upon an alien's failure to provide corroborating evidence in concluding that the alien failed to meet his burden of proof. See Mei Chai Ye v. U.S. Dep't of Justice, 489 F.3d 517, 527 n.9 (2d Cir. 2007) (collecting cases).[6] An IJ should "point[] to specific pieces of missing, relevant documentation" and "show[] that this documentation was reasonably available," Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir. 2003); an alien must have an opportunity to explain the omission, Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 395 (2d Cir. 2005); and the IJ must assess any explanation that is given, Diallo, 232 F.3d at 290. But though we require an IJ to specify the points of testimony that require corroboration, we have not held that

---

[6] "An [alien's] failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). Nevertheless, credibility and corroboration are distinct principles in this Circuit's immigration jurisprudence. The critical distinction is this: while a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination. Duan Chen v. Gonzales, 201 Fed.Appx. 107, 109 (2d Cir. 2006) (citing Diallo, 232 F.3d at 287).

this must be done prior to the IJ's disposition of the alien's claim.[7]  After all, a factfinder may not be able to decide sufficiency of evidence until all the evidence has been presented; insufficiency cannot be determined while there is evidence to be introduced.  Likewise, it is not easy to know when an explanation would be required for a lack of corroboration, because an IJ may not determine that corroboration is necessary until all the evidence is in, and the IJ has had an opportunity to weigh the evidence and prepare an opinion--steps that may not occur until days after the hearing.  Accordingly, while we have sometimes remanded a case if the IJ failed to explain his reliance on a lack of corroborating evidence, the alien bears the ultimate burden of introducing such evidence without prompting from the IJ.

Applying the foregoing principles in this case compels

---

[7] It is not at all clear that we could require an IJ to delay or adjourn proceedings to allow submission of corroborating material that could have been collected in advance of the hearing; after all, this Court's "inherent power generally extends only to [the] management of its own affairs: to impose decorum, to maintain order, to control admission to the bar, to discipline attorneys, to punish for contempt, and to vacate its own judgments if tainted by fraud."  Xiao Xing Ni v. Gonzales, 494 F.3d 260, 267 (2d Cir. 2007) (emphasis added).

the conclusion that the IJ properly denied Liu's withholding of removal claim for failure to provide corroborating evidence. Liu testified at some length regarding his involvement in the Chinese democratic movement; his past persecution based on that involvement; and his wife's alleged report that Chinese police had come searching for him just prior to his planned return to China. Yet Liu submitted no evidence to corroborate his central claims regarding the supposed future risk of persecution. The IJ's decision specifically identified the types of documents that might have adequately supplemented Liu's testimony, as required by this Circuit's prior cases. See Jin Shui Qiu, 329 F.3d at 153.[8] But Liu has given no explanation for the failure to provide such corroborating evidence, either in a motion to reopen or on appeal to the BIA. Thus Liu has neither provided the sort of corroborating evidence identified by the IJ nor has he explained the absence of such corroborating evidence. The IJ did not err in denying

---

[8] Specifically, the IJ noted the absence of evidence such as an affidavit from his wife in China; a letter from the democratic association in Hong Kong; and police and/or hospital records concerning Liu's California auto accident in January of 2003. Under the REAL ID Act, we defer to the IJ's determination that such evidence was reasonably available. 8 U.S.C. § 1252(b)(4).

Liu's application for withholding of removal on that ground, and the BIA properly affirmed.

## CONCLUSION

For the foregoing reasons, the petition for review is denied.