09-1967-ag
Drame v. Holder

BIA
Bukszpan, IJ
A078 719 884
A078 719 885

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of June, two thousand ten.

PRESENT:
>    REENA RAGGI,
>    PETER W. HALL,
>    DENNY CHIN,
>        *Circuit Judges*.

_____

SOUFIANE DRAME, YOUSSOUPH DRAME,
>    *Petitioners*,

>    v.                                    09-1967-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONERS:        Ronald S. Salomon, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General, Civil Division; James A.

**Hunolt, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED, in part, and DISMISSED, in part.

The Petitioners, Soufiane Drame and Youssouph Drame, allegedly natives and citizens of Mauritania, seek review of an April 9, 2009, order of the BIA affirming the July 10, 2007, and December 5, 2007, decisions of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting their applications for asylum, and denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Drame*, Nos. A078 719 884/885 (B.I.A. Apr. 9, 2009), *aff'g* Nos. A078 719 884/885 (Immig. Ct. N.Y. City July 10 and Dec. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum

Title 8, Section 1158(a)(3), of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Because the Petitioners challenge only purely factual determinations and the agency's exercise

2

of discretion, we lack jurisdiction to consider Petitioners' arguments, and we dismiss the petition for review to that extent. *See* 8 U.S.C. § 1158(a)(3).

## II.  Withholding of Removal and CAT Relief

In denying withholding of removal and CAT relief, the IJ found that the Petitioners' testimony was "extremely vague[]." *In re Drame*, Nos. A078 719 884/885, at 16.  The BIA noted the IJ's concerns about credibility, but concluded that she had not made an explicit credibility determination.  The Petitioners argue that absent an adverse credibility determination, their testimony alone should have been sufficient to meet their burden.  We disagree.

Although an alien's credible testimony *may* be sufficient to sustain his burden of proof without additional corroboration, "an applicant's credible testimony may not always satisfy the burden of proof." *See Diallo v. INS*, 232 F.3d 279, 286 (2d Cir. 2000).  Rather, "in the right circumstances, the agency may deny relief to a petitioner on the ground that she has failed to provide sufficient corroboration for her otherwise credible testimony." *Niang v. Mukasey*, 511 F.3d 138, 148 (2d Cir. 2007).  Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "(a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).  An IJ is not required, however, to specify the points of testimony that require corroboration *prior* to the IJ's disposition of the alien's claim. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

Here, the IJ found that the Petitioners' testimony was so vague that she was not convinced that they were, as they alleged, even from Mauritania.  The IJ thus evaluated the Petitioners' identity documents, deeming them unreliable in light of forensic reports calling their authenticity into question.  The IJ also took note of the Petitioners'

failure to provide any other documentation establishing their identity. It was reasonable for the IJ to do so because, as we have held, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006). In that regard, the BIA's supplemental analysis also noted that the Petitioners failed to demonstrate past persecution because they did not submit reasonably available evidence corroborating their claims that they were beaten and detained by Mauritanian authorities. *See Diallo*, 232 F.3d at 285-90.

In light of the Petitioners' vague testimony, and their limited, often questionable corroborative evidence, we find no error in the agency's conclusion that the Petitioners failed to meet their burden of proof for withholding of removal and CAT relief. *See Niang*, 511 F.3d at 148.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk