09-2920-ag
Markaj v. Holder

BIA
Abrams, IJ
A096 263 931

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:
    REENA RAGGI,
    GERARD E. LYNCH,
    DENNY CHIN,
        *Circuit Judges.*

_____

DENADA MARKAJ,
        *Petitioner,*

        v.                                    09-2920-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Joshua E. Bardavid, New York,
                       New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel; Stefanie
                       Notarino Hennes, Trial Attorney,
                       Office of Immigration Litigation,
                       Civil Division, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Denada Markaj, a native and citizen of Albania, seeks review of an June 29, 2009 order of the BIA affirming the November 19, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying Markaj's application for relief under the Convention Against Torture ("CAT"). *In re Denada Markaj*, No. A096 263 931 (B.I.A. June 29, 2009), *aff'g* No. A096 263 931 (Immig. Ct. N.Y. City Nov. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's factual findings under the substantial evidence standard, including those underlying the immigration court's determination that an alien has failed to satisfy her burden of proof, and treat those findings as conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575

2

F.3d 193, 196 (2d Cir. 2009).

Substantial evidence supports the BIA's determination that Markaj failed to demonstrate that it was "more likely than not" that she would be subject to torture, 8 C.F.R. § 1208.16(c), "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" in Albania, *id.* § 1208.18(a)(1). *De La Rosa v. Holder,* 598 F.3d 103, 109 (2d Cir. 2010). While the record reflects that trafficking of women for sexual exploitation occurs in Albania,[1] and that some police officers may be involved in trafficking-related corruption, Markaj has failed to show that Albanian government officials or other persons acting in an official capacity acquiesce in such practices. In reaching this conclusion, the IJ relied on the 2006 U.S. Department of State Country Report on Human Rights Practices for Albania ("Country Report"), which indicates that Albania's laws prohibit human trafficking and that law enforcement officials are making progress in arresting and prosecuting human traffickers. The IJ specifically noted the Country Report's observations that Albania has: (1) developed

---

[1] For purposes of the CAT analysis, the IJ assumed that abduction, forcing a girl into a trafficking ring, and selling her into sexual slavery would constitute torture.

a human trafficking strategy and action plan based on United Nations guidelines that are intended to prevent recruitment of, and to provide protection for, potential victims; (2) outlined an approach for prosecuting traffickers; and (3) arrested and convicted some traffickers. The Country Report further indicates that during 2006, in contrast to prior years, there were no reported cases of direct police involvement in human trafficking in Albania. Based on this evidence, the agency reasonably determined that the Albanian government does not acquiesce in trafficking of women.

Although Markaj argues that the agency erroneously credited the Country Report over the affidavit of her expert, Bernd Fischer (the "Fischer Affidavit"), she has failed to show that the record compels a result contrary to that reached by the agency. We generally defer to the agency's evaluation of documentary evidence, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006), and we have observed that U.S. State Department reports are ordinarily probative, *see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Here, the IJ found that the Fischer Affidavit did not address, much less contradict, the Country Report's observations regarding the Albanian government's efforts to

4

combat human trafficking. We identify no error in this conclusion. Furthermore, given the Country Report's observation that there were no reported cases of direct police involvement in human trafficking in Albania during 2006, and that the Albanian government has successfully prosecuted at least some traffickers, Markaj's assertion that police involvement undermines government efforts to combat human trafficking does not compel a finding of government acquiescence. Accordingly, the IJ's denial of CAT relief was not erroneous.

To the extent Markaj faults the BIA for not specifically discussing the Fischer Affidavit, the agency was under no obligation to do so.[2] *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.") (internal quotation marks omitted). Moreover, the BIA decision does not stand alone, but rather supplements the IJ's

---

[2] While the government argues that Markaj failed to exhaust her claim that the agency did not adequately consider the Fischer Affidavit, Markaj did challenge the IJ's determination that she failed to establish a likelihood that she would be subjected to human trafficking, and we will not hold a petitioner to "the exact contours of [her] argument below." *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

decision, which did explicitly address Markaj's arguments concerning the Fischer Affidavit. *See Yan Chen v. Gonzales*, 417 F.3d at 271. Thus, the agency adequately considered the documents supporting Markaj's CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with the Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk