15-3369
Xia v. Lynch

BIA
Wright, IJ
A201 133 913

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT:
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

YUNKUAN XIA,
        *Petitioner,*

        v.                                    15-3369
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Louis H. Klein, The Kasen Law Firm,
                         PLLC, Flushing, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Mary
                         Jane Candaux, Assistant Director;
                         Michael C. Heyse, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yunkuan Xia, a native and citizen of the People's Republic of China, seeks review of a September 24, 2015 decision of the BIA affirming a July 17, 2012 decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yunkuan Xia,* No. A201 133 913 (B.I.A. Sept. 24, 2015), *aff'g* No. A201 133 913 (Immig. Ct. N.Y. City July 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

To qualify for asylum, Xia was required to demonstrate that he suffered past persecution on account of his resistance to the family planning policy or that he has a well-founded fear

2

of forced sterilization. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305-06, 309-10, 313 (2d Cir. 2007) (holding that alien cannot obtain asylum based on harm suffered by a spouse). The agency did not err in finding that Xia's burden was not satisfied because he failed to submit reasonably available corroborating evidence.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. In this case, it was reasonable for the agency to require corroboration because Xia's testimony was not sufficiently detailed to be persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu*, 575 F.3d at 196-97. Moreover, the agency properly identified the

3

missing evidence, noting that Xia failed to submit his marriage certificate, a sterilization notice, or statements from any family or friends. Even crediting Xia's explanations that he did not want to bother his wife, who suffers from depression, and that he did not keep the sterilization notice from 1999, he failed to explain why he could not obtain his marriage certificate or corroborating statements from his relatives with whom he maintains contact. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Accordingly, the agency did not err in finding that Xia failed to satisfy his burden of demonstrating past persecution or a well-founded fear of future persecution under the family planning policy. *See id.* at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on Xia's family planning claim. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)-(2), (c)(3); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

4

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk