Jin v. Sessions

BIA
Cheng, IJ
A200 163 801

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

HONGLAN JIN,
> *Petitioner,*

> v.                                                   No. 15-3533
>                                                      NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Thomas D. Barra, Esq., New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell |

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Honglan Jin, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Honglan Jin,* No. A200 163 801 (B.I.A. Oct. 20, 2015), *aff'g* No. A200 163 801 (Immig. Ct. N.Y.C. May 22, 2014).

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

The agency did not err in finding that Jin failed to satisfy her burden of proof because she did not submit corroborating statements from fellow Falun Gong practitioners or evidence that Chinese officials are aware or likely to become aware of her practice of Falun Gong.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu v. Holder*, 575 F.3d at 196-97.

Here, the agency reasonably required corroboration because Jin's testimony about her practice of Falun Gong lacked detail. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu v. Holder*, 575 F.3d at 196-97. Specifically, the agency properly identified the missing evidence, noting that Jin had not proffered testimony or written statements from any Falun

3

Gong practitioners with whom she has practiced or protested. Moreover, even if such witnesses were unavailable to attend a hearing as Jin contended, she failed to compellingly explain why they could not submit affidavits. *See Chuilu Liu v. Holder*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Alternatively, even assuming Jin established her practice of Falun Gong, the agency reasonably concluded that she failed to demonstrate a well-founded fear of persecution on that basis. "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

No evidence compelled the conclusion that Chinese officials are likely to become aware of (or take an interest in) Jin's protest activities in the United States based solely on the publication of her picture and name in 2011 and 2012 print and online publications, some of which she admitted were not circulated in China. *See Y.C. v. Holder*, 741 F.3d 324, 334, 336-37 (2d Cir. 2013). Indeed, we have rejected as "most

4

unlikely" the suggestion "that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online" and found speculative claims that the Chinese government may discover a few articles published on the internet years earlier. *Y.C. v. Holder*, 741 F.3d at 334 (citing *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best")).

Because Jin failed to satisfy her burden of proof that she practices Falun Gong or, alternatively, that authorities are aware, or likely to become aware, of her practice, the agency did not err in concluding that she failed to establish a well-founded fear of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also Chuilu Liu v. Holder*, 575 F.3d at 197-98; *Hongsheng Leng v. Mukasey*, 528 F.3d at 142. That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5