16-1182-ag
Zheng v. Sessions

BIA
Christensen, IJ
A205 611 064

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          SUSAN L. CARNEY,
                              *Circuit Judges*.

-----------------------------------------------------------------------
SHENG ZHENG,

                              *Petitioner*,

          v.                                        No. 16-1182-ag

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

                              *Respondent*.
-----------------------------------------------------------------------

APPEARING FOR PETITIONER:     TROY NADER MOSLEMI, Esq., Queens, New York.

APPEARING FOR RESPONDENT:     SUNAH LEE, Trial Attorney (Chad A. Readler, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sheng Zheng, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Sheng Zheng,* No. A205 611 064 (B.I.A. Mar. 28, 2016), *aff'g* No. A205 611 064 (Immig. Ct. N.Y.C. Sept. 19, 2014). Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. U.S. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

Zheng seeks review of the agency's decision that he failed to demonstrate a well-founded fear of future persecution, which is required in the absence of any allegation of past persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 140 (2d Cir. 2008); 8 U.S.C. § 1101(a)(42). To carry this burden, Zheng had to show "a reasonable possibility []he will be singled out for persecution" or "'a pattern or practice in his . . . country of nationality . . . of persecution of a group of persons similarly situated to [him] . . .'" *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)(A)). This fear of future persecution must be "objectively

2

reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), and requires "some showing that authorities in [the petitioner's] country of nationality are either aware of his activities or likely to become aware of his activities," *Hongsheng Leng v. Mukasey*, 528 F.3d at 143. Future persecution claims like Zheng's, by Chinese nationals alleging that they have taken up the mantle of pro-democracy political activities only after arriving in the United States, are "especially easy to manufacture" and are subject to particular scrutiny. *Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013).

We discern no error in the agency's conclusion that Zheng failed to meet his burden of proof. Insofar as Zheng contends that the agency erred in giving his evidence no weight at all, the record does not support this contention. Rather, the record shows that the agency considered Zheng's proffered evidence, but gave it minimal weight, a decision within its discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence in immigration proceedings lies largely within discretion of agency).

Specifically, the agency reasonably gave diminished weight to Zheng's evidence that the Chinese government was aware of his political activities and affiliation with the Party for Freedom and Democracy in China ("PFDC") in the United States. Zheng did not have first-hand knowledge of the alleged visits to his mother in China by Chinese police. Because Zheng's mother was an interested witness not available for cross-examination, the agency did not exceed its discretion in according diminished weight to her letter reporting such visits. *See Y.C. v. Holder*, 741 F.3d at 334 (deferring to agency's decision to give diminished weight to evidence "submitted by an interested witness").

3

The same conclusion obtains as to the purported police note, which was unauthenticated. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (observing that IJ is afforded "considerable flexibility" in determining authenticity of documents). Although the IJ did not specify how the police note could have been authenticated, the only evidence of its authenticity came from Zheng's mother's letter, which itself had been accorded little evidentiary value.

Accordingly, given the diminished weight of the evidence, the agency reasonably concluded that the Chinese government was not likely to become aware of Zheng's political activities. Nor is a different conclusion compelled by Zheng's testimony that such awareness could be inferred from the fact that he "publicly joined" the PFDC by publishing five articles on the organization's website. C.A.R. 105. The agency reasonably found such publication insufficient to prove that the Chinese government would take notice of Zheng's pro-democracy stance. *See Y.C. v. Holder*, 741 F.3d at 334 (observing that it is "most unlikely" that "the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online"). Zheng further faults the IJ for relying on the fact that the PFDC is not a "banned" organization. This contention is defeated by the record, which demonstrates that the IJ acknowledged Zheng's evidence that the Chinese government had designated the PFDC as an "enemy organization," C.A.R. 69–70, but observed that, even if true, such evidence was insufficient to establish that the Chinese government would become aware of Zheng's PFDC activities if he returned to China.

The agency also found that Zheng failed to provide reasonably available corroboration from his sister. The agency may rely on "an alien's failure to provide corroborating evidence in concluding that the alien failed to meet his burden of proof." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Here, the IJ specified the expected evidence, *i.e.*, testimony or a letter from Zheng's sister, and why it was reasonably available (namely, that Zheng is in contact with his sister who resides in the United States). Because Zheng did not identify any barrier to communicating with his sister, the agency did not err in requiring the evidence. *See Chuilu Liu v. Holder*, 575 F.3d at 199 (affirming denial of relief for lack of corroboration where IJ "specifically identified the types of documents that might have adequately supplemented [petitioner's] testimony"); *see also* 8 U.S.C. § 1252(b)(4).

Finally, the agency also reasonably determined that Zheng did not show that he was "similarly situated" to individuals who had been persecuted for their political opinions in China. The 2011 United States Department of State report on China that Zheng submitted confirms that the Chinese government monitors and imprisons individuals who engage in pro-democracy activities in China, but it does not show that the government seeks out individuals participating in such activities abroad. *See Lianping Li v. Lynch*, 839 F.3d at 150–51 (affirming denial of relief where petitioner could not show that Chinese government persecuted "those similarly situated to her: returning Chinese citizens who joined [pro-democracy organizations] in the United States"). The testimony about PFDC members who were arrested upon returning to China from the United States primarily involved individuals who were not demonstrably

5

similar to Zheng: three were leaders or former leaders of the PFDC, and no detail was provided about the rank or level of political activity of the fourth PFDC member. Zheng, as administrative secretary of the PFDC logistics department, is a relatively low-level member, and the agency reasonably determined that he was unlikely to draw the interest of the Chinese government. *See Y.C. v. Holder*, 741 F.3d at 337 (observing that Chinese government was unlikely to persecute petitioner who "had a relatively low level of involvement in the [pro-democracy organization]").

Because Zheng has not shown the objectively reasonable fear of persecution needed to make out an asylum claim, he did not meet the higher standard required to succeed on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006).

We have considered Zheng's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6