Mercado-Leyva v. Sessions

BIA
Nelson, IJ
A200 237 705

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand eighteen.

PRESENT:
ROBERT D. SACK,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*
_____

ROXANA MERCADO-LEYVA,
    *Petitioner,*

v.                                          16-3821
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:        Nicholas J. Mundy, Brooklyn, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; M. Jocelyn Lopez
                       Wright, Senior Litigation Counsel;
                       Sara J. Bayram, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Roxana Mercado-Leyva, a native and citizen of Peru, seeks review of an October 14, 2016, decision of the BIA affirming a December 3, 2015, decision of an Immigration Judge ("IJ") denying Mercado-Leyva's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Roxana Mercado-Leyva,* No. A 200 237 705 (B.I.A. Oct. 14, 2016), *aff'g* No. A 200 237 705 (Immig. Ct. N.Y. City Dec. 3, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we assume, as the BIA did, that Mercado-Leyva established her membership in a particular social group and address only whether she met her burden of demonstrating that the Peruvian government would be unwilling or unable to protect her from her ex-husband. *Id.* An applicant for asylum, withholding of removal, and CAT relief bears the burden of showing that

she will be persecuted or tortured "by the government . . . or at the hands of an organization or person from which the government cannot or will not protect [her]."  *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (internal quotation marks omitted) (addressing persecution); *see also* 8 C.F.R. § 1208.18(a)(1) (defining torture as "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Mercado-Leyva did not meet this burden.  Mercado-Leyva submitted court records showing that a Peruvian court found that her ex-husband committed domestic violence and sentenced him to four months of psychological treatment, issued a protective order, and ordered him to pay damages.  She testified that when she filed a complaint against her ex-husband in 2010, a policewoman helped her fill out all the paperwork and referred her to the state attorney and forensic doctor, and that she participated in a court proceeding before the prosecutor that resulted in her ex-husband being sentenced

to probation. Accordingly, the agency reasonably found that Mercado-Leyva failed to demonstrate that Peruvian authorities could not or would not protect her. *Aliyev*, 549 F.3d at 116.

Mercado-Leyva argues that the agency disregarded her testimony that the Peruvian police are reluctant to enforce protective orders and must be bribed to take action. Mercado-Leyva testified that the first three times she called the police (before 2006), they did nothing. And she alleged that when her sister asked the police to enforce the protective order, she had to pay them to come to the house. In fact, the agency acknowledged these allegations, but did not err in concluding that Mercado-Leyva failed to corroborate them with a statement from her sister or any evidence of conditions in Peru relating to the effectiveness of the Peruvian authorities in combatting domestic violence. "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 & n.5 (2d Cir. 2009). Mercado-Leyva

4

makes no argument that she was unable to obtain a statement from her sister or that evidence of country conditions was otherwise unavailable.  Given this lack of evidence to corroborate the authorities' unwillingness to help, the agency reasonably relied on the court proceeding against Mercado-Leyva's ex-husband and the issuance of a protective order to find that the Peruvian government at least made efforts to control her ex-husband.  Our review of the agency's assessment of those competing inferences is "necessarily deferential."  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008).

Mercado-Leyva's failure to meet her burden of proof is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief require some showing of government involvement or unwillingness or inability to protect.  *See* 8 C.F.R. § 1208.18(a)(1); *Aliyev*, 549 F.3d at 116.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court