Singh v. Sessions

BIA
Wright, IJ
A205 922 840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand eighteen.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> SUSAN L. CARNEY,
>    *Circuit Judges.*

_____

TAKHVINDER SINGH,
>    *Petitioner,*

>    v.                                          17-844
>                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Dalbir Singh, Dalbir Singh & Associates, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Takhvinder Singh, a native and citizen of India, seeks review of a February 24, 2017, decision of the BIA affirming an August 24, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Takhvinder Singh,* No. A 205 922 840 (B.I.A. Feb. 24, 2017), *aff'g* No. A 205 922 840 (Immig. Ct. N.Y. City Aug. 24, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the BIA and the IJ "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but

only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see id.* § 1231(b)(3)(C). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* § 1158(b)(1)(B)(ii). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds, . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4).

As the agency found, Singh did not produce reasonably available documentary evidence. The IJ reasonably required proof that Singh worshipped Baba Ram Rahim in India, whether through a letter from Baba Ram Rahim or one of his followers, as well as evidence of persecution from fellow followers of Baba Ram Rahim who were also beaten by Sikhs. *See id.* § 1158(b)(1)(B)(ii) (providing that IJ can require

3

corroboration of even credible testimony).  Singh was asked several times to explain his failure to submit a letter or other proof of his religious practice in India, and the IJ did not err in concluding that Singh did not show the evidence was unavailable as his explanations were nonresponsive and he acknowledged that he had made no attempt to obtain any letters.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("An IJ should point to specific pieces of missing, relevant documentation and show that this documentation was reasonably available; an alien must have an opportunity to explain the omission; and the IJ must assess any explanation that is given." (internal citations, brackets, and quotation marks omitted)).  Although Singh also stated that he did not know Baba Ram Rahim personally and knew his fellow practitioners only from meetings, the IJ was not compelled to find any letters unavailable because Singh admitted that he personally knew some of the practitioners and because his failure to request supporting documents did not establish that they were not available.  *See id.; Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (upholding IJ's finding when it

4

is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). Thus, the record does not compel a finding that the evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4).

Finally, Singh raises new arguments regarding the lack of documentation of his religious practice in the United States and the sufficiency of the documentation he provided, such as a letter from the village leader and country conditions evidence. But because he did not raise these arguments before the BIA, we decline to consider them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory). Even if sufficiently exhausted, Singh has not identified any error in the burden finding given the inconsistency between the village leader's letter and Singh's testimony and the lack of evidence of recent or ongoing violence against adherents of Baba Ram Rahim.

Given the absence of reliable corroboration and the fact that Singh did not demonstrate that he could not produce letters from his fellow followers of Baba Ram Rahim, the

agency reasonably concluded that Singh failed to meet his burden of proof.  8 U.S.C. § 1158(b)(1)(B)(ii).  This determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
