Hang v. Sessions

BIA
Poczter, IJ
A205 220 784

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand seventeen.

PRESENT:
    DENNIS JACOBS,
    ROBERT D. SACK,
    GERARD E. LYNCH,
        *Circuit Judges.*
_____

JIAN HANG,
        *Petitioner,*

        v.                                        15-3189
                                                  NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Wei Gu, Whitestone, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Melissa
                         Neiman-Kelting, Senior Litigation
                         Counsel; Lori B. Warlick, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Hang, a native and citizen of the People's Republic of China, seeks review of a September 29, 2015, decision of the BIA affirming a March 17, 2014, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Hang,* No. A205 220 784 (B.I.A. Sept. 29, 2015), *aff'g* No. A205 220 784 (Immig. Ct. N.Y. City Mar. 17, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). The agency did not err in finding that Hang failed to satisfy his burden of proof as to his claim that he was detained and beaten for protesting the Chinese government's demolition of his restaurant without just compensation.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu*, 575 F.3d at 196-97. In this case, the agency reasonably required corroboration because Hang's testimony was inconsistent at times and lacked detail. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu*, 575 F.3d at 196-97.

The agency properly identified the missing evidence, noting that Hang had not submitted receipts from his business, a deed from the property, or letters from his wife, customers, or suppliers to corroborate his claim that he owned a restaurant for five years, that the restaurant was demolished, and that he was detained and beaten for protesting the government's failure to adequately compensate him. Even crediting Hang's explanation that evidence of his business was destroyed in the

3

demolition, he failed to compellingly explain why he could not obtain statements from his wife, customers, or suppliers. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Accordingly, the agency did not err in finding that Hang failed to satisfy his burden of demonstrating past persecution or a well-founded fear of future persecution. *Id.* at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same claim. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)-(2), (c)(3); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4