Qiao v. Sessions

BIA
Wright, IJ
A205 883 049

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand eighteen.

PRESENT:
>JON O. NEWMAN,
>DENNIS JACOBS,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

LANPING QIAO,
>*Petitioner,*

>v.                                                          17-336
>                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:         Keith S. Barnett, New York, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Erica B. Miles,
                        Senior Litigation Counsel; Anthony
                        O. Pottinger, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of
                        Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lanping Qiao, a native and citizen of the People's Republic of China, seeks review of a January 5, 2017, decision of the BIA affirming a March 16, 2016, decision of an Immigration Judge ("IJ") denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lanping Qiao,* No. A205 883 049 (B.I.A. Jan. 5, 2017), *aff'g* No. A205 883 049 (Immig. Ct. N.Y. City Mar. 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Qiao argues only that she established her eligibility for asylum based on her claims of past persecution on account of two abortions she had under China's family planning policy, and a detention and beating she suffered for reporting corruption by local government officials. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v.*

2

*Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  As discussed below, we find no error in the agency's conclusion that Qiao failed to meet her burden of proof.

Family Planning Claim

A petitioner is eligible for asylum if she suffered past persecution on account of her "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1158(b)(1)(B)(i).  "[A] person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted on account of political opinion."  8 U.S.C. § 1101(a)(42)(B); *see also Xiu Fen Xia v. Mukasey*, 510 F.3d 162, 165 (2d Cir. 2007).  "An abortion is not 'forced' . . . unless the threatened harm for refusal would, if carried out, be sufficiently severe that it amounts to persecution."  *In re T-Z-*, 24 I. & N. Dec. 163, 169 (B.I.A. 2007).  The agency did not err in finding that Qiao failed to satisfy her burden of demonstrating that her abortions were "forced."

Qiao admitted that family planning officials did not physically force her to terminate her pregnancies in 1983 and 1991.  Rather, she asserted that the family planning officials at the government factory where her family worked used a threat of job loss, i.e., economic persecution, to

3

"force" her to end her pregnancies.

In order for economic harm to constitute persecution, the harm must be "severe," such that it would "constitute a threat to an individual's life or freedom," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *In re T-Z-*, 24 I. & N. Dec. at 170, 173. "[W]hether a given economic sanction constitutes persecution turns on its 'impact' on the victim." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014). "[A]n asylum applicant must offer some proof" of income or net worth "or any other facts that would make it possible . . . to evaluate h[er] personal financial circumstances in relation to the [government's imposition of an economic disadvantage]." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Qiao admitted that she did not have any proof that the factory was the only place that she and her family could work in China, and she did not provide any financial information from the relevant time period in the form of affidavits, testimony, or bank records. Accordingly, Qiao failed to satisfy her burden of proving that the threat of job loss

4

used to coerce her into terminating her pregnancies would have been sufficiently severe if carried out to rise to the level of persecution. *See In re T-Z-*, 24 I. & N. Dec. at 169; *see also Guan Shan Liao*, 293 F.3d at 70. Therefore, she did not establish that her abortions in 1983 and 1991 were forced so as to constitute past persecution. *See* 8 U.S.C. § 1101(a)(42)(B); *see also Xiu Fen Xia*, 510 F.3d at 165.

Corruption Claim

The agency also did not err in finding that Qiao failed to satisfy her burden of demonstrating past persecution on account of her claim that she reported government corruption because she failed to submit sufficient corroborating evidence. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009). "In determining whether the applicant has met [her] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that

5

corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Qiao claimed that local government officials detained and beat her because she planned to report their failure to compensate her sister for the destruction of her home during a flood. The only corroborating evidence Qiao submitted to support this claim was a handwritten leave slip from her office granting her 20 days leave for a brain injury. The agency did not err in requiring additional corroboration given that this document did not corroborate how Qiao suffered the injury and omitted any mention of the other injuries Qiao claimed to have suffered, such as a two-inch cut on her arm, bruising all over her body, and a bleeding mouth. *See Chuilu Liu*, 575 F.3d at 196-98.

The agency properly identified the missing evidence, noting that Qiao failed to submit evidence of the flood and resulting destruction of her sister's house, statements from her sister or brother-in-law, statements from the other families who did not receive compensation for their destroyed homes, or a statement from the lawyer she consulted about obtaining the compensation for her sister. *See Chuilu Liu*,

6

575 F.3d at 198-99.  The IJ provided Qiao an opportunity to explain her failure to present this evidence, but she could not compellingly do so.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).  Accordingly, the agency did not err in finding that Qiao failed to satisfy her burden of proof as to past persecution based on her exposure of government corruption.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-98.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court