Li v. Barr

BIA
Schoppert, IJ
A205 614 678

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand nineteen.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      DEBRA ANN LIVINGSTON,
         *Circuit Judges.*

_____

WANGLIN LI,
      *Petitioner,*

      v.                    17-2237
                              NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Kenneth K. Ho, Flushing, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Sabatino F. Leo, Senior Litigation Counsel; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, we hereby ORDER, ADJUDGE, AND DECREE that the petition for review is GRANTED.

Petitioner Wanglin Li, a native and citizen of the People's Republic of China, seeks review of a June 21, 2017, decision of the BIA affirming an October 18, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wanglin Li*, No. A205 614 678 (B.I.A. June 21, 2017), *aff'g* No. A205 614 678 (Immig. Ct. N.Y. City Oct. 18, 2016). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 163–64 (2d Cir. 2008). We review adverse-credibility findings for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Under the "totality of the circumstances," we find that each ground for their adverse-credibility determination — and, hence, their overall determination — is not supported by substantial evidence.

First, the IJ's finding that Li misled him by failing to disclose his disorderly conduct conviction lacks a reasonable basis in the record. Li's initial application predated the arrest and, although he checked the box for no arrests or convictions on his amended application, he also attached the certificate of disposition from his arrest and conviction. While it is not clear why Li failed to update his application form to reflect the conviction, his disclosure of his conviction record undermines the IJ's finding that Li "was

3

not truthful in regard to [his] arrest." Moreover, Li readily admitted that he had been arrested when asked and recounted the charges against him. Thus, even under our deferential standard of review, the IJ erred by using this insubstantial oversight on Li's behalf as a basis for his adverse-credibility finding.

Second, the IJ erred by relying on a minor discrepancy in Li's descriptions of his treatment by Chinese authorities. Li stated in his interview that an officer slapped him and that he was punched, kicked, and hit with a baton before being dragged into another room. However, while Li's hearing testimony was largely consistent with this account, he did not mention being slapped at that time, and when asked about the slaps, he said that he was slapped only *after* being brought into the other room. While "an IJ may rely on *any* inconsistency," an inconsistency does not automatically mean that an asylum applicant is not credible under the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 167. When viewed in light of the IJ's erroneous finding that Li was untruthful about his conviction, the inconsistency over when Li was slapped does not, by itself, constitute substantial evidence of adverse credibility. *Cf. Lianping*

4

*Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (upholding an adverse-credibility determination where the petitioner's "asylum application did not simply omit incidents of persecution," but "described the same incidents of persecution differently," such as "the timing of her forced abortion, the detention of her husband, and her forced use of an IUD").

The agency would generally have the discretion to determine how much weight to afford letters from Li's relatives, particularly because the letters were prepared for Li's removal proceedings and written by individuals who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency decision to afford little weight to petitioner's husband's letter because the letter was unsworn and from an interested witness). However, absent other reliable findings calling credibility into question, a lack of corroboration is not a basis for an adverse-credibility determination. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[W]hile a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof, a failure to

corroborate cannot, without more, support an adverse credibility determination.").

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's decision, and REMAND for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court