19-611
Zhang v. Barr

BIA
Nelson, IJ
A 205 440 564

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty.

PRESENT:
JON O. NEWMAN,
ROBERT A. KATZMANN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

─────────────────────────────────

SHULIN ZHANG,
*Petitioner*,

v.                                                        19-611
                                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

─────────────────────────────────

FOR PETITIONER**:**          Mike P. Gao, Law Offices of Mike P. Gao, P.C.,
                             Flushing, NY.

FOR RESPONDENT**:**          Jeffrey Bossert Clark, Acting Assistant Attorney
                             General; Carl McIntyre, Assistant Director; Nancy
                             Ellen Friedman, Senior Litigation Counsel, Office of
                             Immigration Litigation, United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the case is **REMANDED**.

Petitioner Shulin Zhang, a native and citizen of the People's Republic of China, seeks review of a February 22, 2019 decision of the BIA affirming a December 14, 2017 decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Shulin Zhang,* No. A 205 440 564 (B.I.A. Feb. 22, 2019), *aff'g* No. A 205 440 564 (Immig. Ct. N.Y. City Dec. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing factual findings underlying burden of proof determinations under the substantial evidence standard); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing application of law to undisputed fact *de novo*).

Zhang did not claim past persecution, but he asserted a fear of future persecution on account of his activities with the China Democratic Party ("CDP") in the United States. An applicant may establish eligibility for asylum by demonstrating "that he has a well-founded fear of future persecution, which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). An applicant must show either a reasonable possibility that he "would be singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting individuals "similarly situated" to him. *Id.* § 1208.13(b)(2)(iii). Where, as here, an applicant expresses a fear based on activities undertaken solely in the United States, he "must make some showing that authorities in his country

of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).[1]

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196–97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). Moreover, the trier of fact may require corroboration of "otherwise credible testimony," and "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

We do not disturb the agency's finding that Zhang provided insufficient evidence that the Chinese government was or is aware of his political activities in the United States. The agency did not err in declining to credit an unsworn letter from Zhang's wife in China recounting how Chinese officials threatened and harassed his family in 2012 due to his political activities. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (upholding BIA's decision not to credit letter from applicant's spouse to corroborate government awareness of activities in United States); *see also Hongsheng Leng*, 528 F.3d at 143. The agency also did not err in declining to credit an unauthenticated police summons. Zhang alleged that the police required his daughter to report to them to discuss his political activities, but the summons did not mention Zhang's name or

---

[1] In quoting cases, we omit internal citations, quotation marks, footnotes, and alterations.

activities, and he produced no statement from his daughter to provide foundation for the document. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008).

The events of 2012, however, are relevant primarily to whether Chinese officials "were aware" or "are aware" of Zhang's association with the CDP. *Y.C.*, 741 F.3d at 333–34. After discounting this evidence, the IJ did not address Zhang's additional evidence that Chinese officials were "likely to become aware" of his CDP affiliation in the future, *id.*, and that he would therefore be threatened with persecution if removed to China. Specifically, Zhang had submitted (1) photos showing him attending pro-democracy CDP protests, (2) pro-democracy CDP articles he published online under his real name, (3) a 2015 State Department report stating that the Chinese government monitors and targets CDP members, and (4) a list of individuals currently incarcerated in China for political reasons. The IJ's ruling did not meaningfully discuss this evidence. Rather, the IJ concluded that "[e]ven when there is some evidence that the Chinese government monitors the Internet, such evidence was found insufficient to meet the respondent's burden of proof." Joint App'x 11.

We respectfully conclude that was legal error. We therefore remand so that the agency can more fully consider whether "the Chinese government is likely to become aware of [the petitioner's] membership in the CDP after his return to China." *Shi Jie Ge v. Holder*, 588 F.3d 90, 96 (2d Cir. 2009); *see also id.* at 95–96 (rejecting a BIA ruling that required a CDP member to prove that "China tracks expatriate political activists," because "a petitioner may also demonstrate a well-founded fear of future persecution by demonstrating that his involvement in a banned organization may become known *after* his return."); *Hongsheng Leng*, 528 F.3d at 142–43 (remanding to agency because it did not consider whether the Chinese government could find out about the petitioner's CDP activities if removed and because the agency did not consider items in

4

the record, including a State Department report).

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** for further proceedings consistent with this order. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk