Wu v. Garland

BIA
Cassin, IJ
A205 218 997

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-one.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

SHIGUANG WU,
      *Petitioner*,

v.                              18-3334
                                  NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent*.[1]

_____

FOR PETITIONER:      Gary J. Yerman, Esq., The Yerman Group, LLC, New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR RESPONDENT:**        Brian Boynton, Acting Assistant Attorney General; Briane Whelan Cohen, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shiguang Wu, a native and citizen of the People's Republic of China, seeks review of an October 12, 2018, decision of the BIA affirming a September 26, 2017, decision of an Immigration Judge ("IJ") denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shiguang Wu,* No. A 205 218 997 (B.I.A. Oct. 12, 2018), *aff'g* No. A 205 218 997 (Immig. Ct. N.Y.C. Sept. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of

2

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). While Wu argues that the agency denied relief on credibility grounds, the BIA affirmed the IJ's dispositive ruling that Wu failed to corroborate his claim with reliable and reasonably available evidence. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing factual findings underlying burden of proof determinations for substantial evidence).

The agency did not err in finding that Wu failed to satisfy his burden of proof. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196–97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C.

3

§ 1158(b)(1)(B)(ii).  Moreover, the trier of fact may require corroboration of "otherwise credible testimony," and "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  *Id.* "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

As evidence of his past persecution, Wu submitted a fine receipt from the Chinese police, a medical certificate of his hospital visit, and photographs of his injuries.  The IJ did not err in finding these documents insufficient to carry Wu's burden, especially because the medical certificate was inconsistent with his asylum statement and testimony as to when and how long he was treated, and it was unclear who took the photographs and how they arrived in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.

4

2006) (stating that weight afforded applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ" (internal alterations and quotation marks omitted)).

Given the lack of reliable evidence, the IJ properly required additional corroborating evidence, which in this case was reasonably available. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4); *Chuilu Liu*, 575 F.3d at 198-99. While Wu explained that his sister in China did not provide a written statement because she did not want her employer to know her brother practiced Falun Gong, she mailed him other documents related to his claim, and he could not explain how his sister's employer would discover any letter.

As to his membership in a protected group, Wu proffered no evidence of his current Falun Gong practice, despite claiming to have practiced daily in the United States with others. His explanation—that he did not have enough time to collect the evidence because he was busy with work—does not compel a conclusion that such evidence was unavailable. 8 U.S.C. § 1252(b)(4). And while his claim that some fellow practitioners were afraid to come to immigration court was

5

plausible, his claim that others avoided providing written statements again does not compel a conclusion that such statements were unavailable. *Id.*

Finally, despite Wu's allegations that he had been employed as a teacher for many years and that he was fired from his teaching position as a result of his Falun Gong practice, he provided no evidence, apart from a household register listing his occupation, to corroborate his employment or his termination.[2] Given the length of his employment, the record does not compel the conclusion that no evidence was available. *Id.*

In sum, because Wu failed to provide reasonably available corroborating evidence, the agency did not err in finding that he failed to satisfy his burden for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196–99. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[2] His application and written statement reflect he worked as a teacher for "more than ten years," but he testified that he taught for nearly 20 years.

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court